**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

KWADWO HWENSO ASARE-ANTWI,

Plaintiff-Appellant,

v.

WELLS FARGO BANK, N.A., FKA
Wachovia Mortgage, FSB, FKA World
Savings Bank, FSB, successor by merger
with Wells Fargo Bank Southwest, N.A.,

Defendant-Appellee,

and

QUALITY LOAN SERVICE
CORPORATION; et al.,

Defendants.

No. 19-56383

D.C. Nos.
8:19-cv-00887-JVS-KES
5:19-cv-00928-JVS-KES

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted May 12, 2021[]
Pasadena, California

Before:  BYBEE and BRESS, Circuit Judges, and CARDONE,[***] District Judge.

Appellant Kwadwo Asare-Antwi appeals the district court's grant of Wells Fargo Bank, N.A.'s (Wells Fargo) Federal Rule of Civil Procedure (FRCP) 12(b)(6) motion to dismiss his pre-foreclosure suit.  We have jurisdiction pursuant to 28 U.S.C. § 1291.  We review the district court's dismissal for failure to state a claim under FRCP 12(b)(6) de novo.  *Wilson v. Lynch*, 835 F.3d 1083, 1090 (9th Cir. 2016).  We affirm.

1.    The district court did not err in dismissing Asare-Antwi's claims for declaratory judgment and slander of title.  California law does not permit preemptive pre-foreclosure actions that challenge authority to foreclose.  *Perez v. Mortg. Elec. Registration Sys., Inc.*, 959 F.3d 334, 340 (9th Cir. 2020).  Asare-

---

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Kathleen Cardone, United States District Judge for the Western District of Texas, sitting by designation.

Antwi's declaratory judgment and slander of title claims challenge Wells Fargo's authority to foreclose and thus were properly dismissed.[1]

2.	The district court did not err in dismissing Asare-Antwi's intentional misrepresentation and unfair and deceptive business practices (UCL) claims. Fraud and UCL claims are subject to three- and four-year statutes of limitations, respectively. Cal. Code Civ. Pro. § 338(d); Cal. Bus. & Prof. Code § 17208. Asare-Antwi's fraud and UCL claims began to accrue when he could have discovered the negative amortization term of his loans through the exercise of reasonable diligence. *See Conerly v. Westinghouse Elec. Corp.*, 623 F.2d 117, 120 (9th Cir. 1980) (citing *Sun 'N Sand, Inc. v. United Cal. Bank*, 582 P.2d 920, 941 (Cal. 1978)). Asare-Antwi had constructive notice upon signing in 2007 because the terms of the loans explicitly disclosed the negative amortization feature. Asare-Antwi's attempts to construe his injury as continuing are without merit because his claims are based on fraudulent inducement. *See Aryeh v. Canon Bus. Sols., Inc.*, 292 P.3d 871, 882 (Cal. 2013) (noting that "if the operative complaint sounded solely in fraud and alleged a single fraud committed at contract formation," the theory of continuous accrual "should not save" the complaint). His

---

[1] Because we find that California law does not permit claims challenging authority to foreclose, we do not reach the district court's findings regarding Wells Fargo's status as the legal creditor of Asare-Antwi's loans.

assertion that his injury was not complete until Wells Fargo denied modification of his loans and refused to provide a financial accounting are "discrete, independently actionable alleged wrongs" that do not toll his claims. *See id.* at 879–80. Asare-Antwi's remaining allegations are simply reiterations of the other claims in his complaint. Asare-Antwi's intentional misrepresentation and UCL claims are untimely.

3.    The district court did not err in finding Asare-Antwi's breach of contract, good faith and fair dealing, cancellation of instruments, violation of Cal. Civ. Code § 2924, and violation of the California Homeowners' Bill of Rights (HBOR) claims preempted by the Home Owners' Loan Act (HOLA), 12 U.S.C. §§ 1461, *et seq.* Wells Fargo may invoke HOLA preemption because, although it is a national bank, it acquired the loan through originating federal savings associations (FSAs). *See McShannock v. JP Morgan Chase Bank NA*, 976 F.3d 881, 888–89 (9th Cir. 2020). If any of his claims fits within the confines of 12 C.F.R. § 560.2(b) it is preempted; if it does not, the claim is presumed to be preempted if it affects lending.[2] *Silvas v. E\*Trade Mortg. Corp.*, 514 F.3d 1001, 1005 (9th Cir. 2008). The presumption of preemption may only be rebutted if the law clearly fits under

---

[2] Although the regulation has been repealed, 12 C.F.R. § 560.2 applies to Asare-Antwi's loans because it was the operative regulation at the time he obtained his loans. *See McShannock*, 976 F.3d at 885 n.3.

§ 560.2(c), and any doubts are resolved in favor of preemption. *Id.* Pursuant to the regulation, Asare-Antwi's claims are preempted.

First, Asare-Antwi's breach of contract and good faith and fair dealing claims are preempted. Both claims hinge on his assertion that the deeds of trust incorporate federal and state law and thus any violation of state law constitutes a breach of contract. Although HOLA preemption does not apply to state contract law, 12 C.F.R. § 560.2(c)(1), this is only true where the contract, rather than state law, imposes requirements on Wells Fargo. *See Campidoglio LLC v. Wells Fargo & Co.*, 870 F.3d 963, 972 (9th Cir. 2017). Asare-Antwi has not identified any contract terms that Wells Fargo allegedly breached except for violations of state law incorporated by the deeds of trust, and application of California contract law to his challenge to the loan's ownership would more than incidentally affect lending. *See* 12 C.F.R. § 560.2(c).

Second, Asare-Antwi's cancellation of instruments and violation of Cal. Civ. Code § 2924 claims are preempted. Asare-Antwi's claims under these two provisions challenge Wells Fargo's authority to foreclose, and application of either of these state laws would more than incidentally affect the "[p]rocessing, origination, servicing, sale or purchase of, or investment or participation in, mortgages." *See* 12 C.F.R. § 560.2(b)(10).

Finally, HOLA preempts Asare-Antwi's claim under the California HBOR because the law's imposition of procedures on mortgage servicers, trustees, beneficiaries, and agents would more than incidentally affect lending operations. *See* Cal. Civ. Code §§ 2923.55(b), 2924.17(b); 12 C.F.R. § 560.2(c).

4.     The district court did not err in dismissing Asare-Antwi's Real Estate Settlement Procedures Act (RESPA) claim.  RESPA entitles a borrower to actual damages resulting from a failure to respond to a Qualified Written Request (QWR) and statutory damages if the borrower demonstrates a pattern or practice of RESPA violations.  12 U.S.C. § 2605(e), (f)(1).  Asare-Antwi failed to allege any damages incurred "as a result of" Wells Fargo's alleged failure to respond to his QWR and pointed only to the charges that were the subject of the QWR.  *Cf.* 12 U.S.C. § 2605(f)(1)(A).  Moreover, Asare-Antwi alleges only one RESPA violation, and a single alleged failure to respond to a QWR is not a pattern or practice entitling him to statutory damages.  *See* 12 U.S.C. § 2605(f)(1)(B).

5.     Asare-Antwi failed to plead a claim under the Truth in Lending Act (TILA), 15 U.S.C. § 1641(g).  In dismissing his second amended complaint, the district court granted Asare-Antwi leave to file a third amended complaint to assert a TILA claim in the first instance.  Because Asare-Antwi never filed an amended

6

complaint asserting a TILA claim, he has waived this claim on appeal. *See First Resort, Inc. v. Herrera*, 860 F.3d 1263, 1274 (9th Cir. 2017).

**AFFIRMED.**